Filed 5/8/23  P. v. Cervantes CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081063 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE403126) |
| EMILIO ORTIZ CERVANTES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed.

Emilio Ortiz Cervantes, in pro. per.; and Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Emilio Ortiz Cervantes of assault with deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) and found he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).  Cervantes admitted a serious felony prior conviction (§ 667, subd. (a)(1)) and a strike prior (§ 667, subds. (b)-(i)).

_____

[1]  All further statutory references are to the Penal Code.

The court selected the upper term for the assault conviction, which was doubled due to the strike prior. The total term imposed for the conviction and enhancements was 16 years in prison.

Cervantes appealed and this court affirmed the conviction and true findings on the enhancements. The court remanded the case for resentencing in light of recent legislative changes. (*People v. Cervantes* (May 16, 2022, D079691).)

On remand, the trial court selected the middle term sentence for the assault charge, thereby reducing Cervantes's term to 14 years in prison. Custody credits were corrected.

Cervantes filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Cervantes the opportunity to file his own brief on appeal. He has responded by filing a supplemental brief. We will discuss his submission later in this opinion.

## STATEMENT OF FACTS[2]

Appellate counsel has provided an accurate summary of the facts of the offense. We will incorporate that summary to provide background for the case.

On November 11, 2020, at around 2:20 p.m., Joann C. walked over to a bus stop in El Cajon. She noticed a man sitting at a bench. She sat down.

As Joann made small talk with the man, she noticed a folding knife on the bench, partially open. Less than a minute after noticing the knife, Joann stood up to see if the bus was coming. As she made a comment about the bus,

_____

[2]    Appellant's request to augment, or for judicial notice of, transcript portions from case No. D079691, is granted.

2

the man abruptly came up to her and hit her two times in the chest. Feeling unable to breathe, Joann stumbled out into traffic for help.

About a minute later, Joann realized she had been stabbed. While waiting for the police to arrive, she watched the man walk away at a leisurely pace.

Based on Joann's description of the man, the police arrested Cervantes a short distance away. Joann identified Cervantes as the man who had stabbed her. DNA evidence discovered on a knife, found in the bushes behind the bus stop, corresponded with DNA samples taken from both Joann and Cervantes. DNA uncovered on a matching sheath, found along Cervantes' predicted route linked the sheath to him.

Dr. Michelle Hamel treated Joann for her injuries. She observed two stab wounds, which had penetrated the chest cavity, causing a partially collapsed lung. Using local anesthetic, a tube was inserted to release the blood, though no surgery was required for the lung itself. Apart from having her stitches removed a week later, no follow-up treatment was necessary.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal.

1. Did the court abuse its discretion by failing to further reduce Cervantes's sentence?

2. Whether the trial court erred in failing to adjust the section 1202.4, subdivision (b) fine downward in light of the reduction in the prison term.

Cervantes's submission is somewhat unclear. He quotes several statutes and seems to argue he should have the benefit of statutory changes which were not before the trial court. He claims all of the sentence enhancements in this case should have been dismissed under other legislative enactments. Cervantes's brief does not raise any arguable issues for reversal on appeal in light of the record.

We have reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Cervantes on this appeal.

## DISPOSITION

The judgment as modified by resentencing is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.